SOMMERVILLE, J.
In September, 1909, when this suit was filed, Nicholas Ray was a minor; and he was represented by his father, as party plaintiff. Since that time Nicholas has attained the age of majority; and he has made himself party plaintiff in the cause.
Plaintiff, a boy of 12 years of age, alleged that he was employed to work in defendant’s factory, and that while thus employed, through the fault and negligence of defendant, he was severely injured; and he asked for damages in the sum of $5,000.
*21 The case was tried, four times before juries. The first verdict was for $1,500; the second, for $2,500; the third trial ended in a mistrial; and the last verdict was for $2,-500. Defendants have appealed.
The plaintiff, Nicholas Bay, testified on his own behalf that he had been employed by the defendant company to operate and clean a heckler, which is a part of a hair-cleaning machine, and is used for straightening horse hair which is to be converted into press cloth for use in oil mills. He further testified that the machine was a dangerous one, and that he was put to work thereat without proper instructions; that during ,the first hour of his employment one of the boys in the establishment showed him how to take the belt off the machine with his hands and how to put it on with his hands; that defendant Werk, who was standing near the machine at the time, said that he would be back in a half hour. Plaintiff said:
“I threw the belt off the machine, and Í started to clean it, and I threw the belt off about twice and put it on, and then when I threw the belt off and I was cleaning the heckler Mr. Bobert Werk walked in and hallooed out, ‘Are you going to stand there all day?’ and with that I grabbed the belt, and my arm went around, and Pat Nunez [a fellow servant who had just previously given him instructions] jumped through the window and hallooed to Mr. Bobert Werk to cut off the motor.”
It was then that plaintiff’s arm was broken, and he was severely injured. When asked, “Why did you want to put the belt on with your hands?” he answered:
“Because that was my work. I had to do that. That was the only way you could do it.”
He further testified:
Mr. Werk “told me he would show me [how to work the machine] in a half hour. He would be back in a half hour.”
Upon cross-examination he said, in answer to the question:
“But he told you — you are positive of the fact that he told you that he would learn you how to work that machine? A. Yes, sir; he tpld me that he would learn me, but he never— Q. Why, then, if it was working, was it necessary for you to put the belt on it again? A. Because it got tangled up. I had to clean it.” “I grabbed the belt, and the belt grabbed me.” “The belt was stuck on the wheel there on the chair, stuck to something. It was stuck on it. Q. Then what did you do? A. Then it started hitting the machine. * * * I will explain it myself. When the belt got stuck to this wheel, it got stuck to something and started flapping, and when it started flapping Mr. Werk was about two yards from the motor, and then Pat Nunez told him to cut the motor off, and when he cut the motor off I was standing up there, and Mr. Werk hallooed at me, ‘What are you going to do; stand up there all day?’ Then I went to grab the belt, and the belt grabbed my hand.”
Subsequently he said:
“He [Mr. Werk] told me to put the belt on; sure he did.”
This testimony was contradicted in part by Paul Francingues, a witness for plaintiff, who said that it is impossible to clean the machine while it is running, as plaintiff testified he had done. He was further' contradicted by a second one of his witnesses, Edward Bailey, who said that he heard Mr. Werk halloo to the plaintiff to keep away from there; away from the flapping belt. When asked, “Did he say to anybody to take the belt, to put a belt on, or anything of that kind, on the machine?” he answered, “No, sir; I never heard it.”
Defendants’ witnesses all testified that it was not the business of plaintiff to clean the machine, and that he did not clean it. Louis Cousin, another fellow servant, said that he told plaintiff to get out of the way when he heard the belt hitting the machine. He said:
“I told him to get away from there. * * * I told the boy to get away from there.”
In answer to the question, “What did Mr. Werk say to plaintiff?” he answered:
“He said, ‘Get away from there, and go pick up that dirt.’ He told him to get away from the machine and to go pick up the dirt.”
This witness also testified that plaintiff said that the accident happened through his own fault.
*23 Defendant Robert Werk testified that when he employed the boy he did not know what work to put him at, but he thought him large enough to run the machine, as lots of smaller boys had done. He said:
“I told him that all he had to do was to feed the hair to the rollers, to feed it even; that if he fed it in lumps it would wrap around the rollers. I didn’t like the way he was doing it, and I called Pat Nunez, and I said to him, ‘Stay here and show this hoy how to feed the machine,’ and I went off, and probably a half hour after I heard a lot of noise, and there were very few engines running, but all of a sudden I heard a lot of noise, and I looked and saw the belt flapping all around, the 'belt which was attached to this heckler that the boy has been testifying about. It was a small belt to turn the rollers, not the driving belt, and this belt was hitched to the shaft, and it was going around, and this boy was standing up looking at it, and I hallooed at him to keep away and to go and clean that hair and to pick up the dirt outside, and the boy stood there.”
He said further that when he heard the belt flapping around he pulled off the switch, so as to stop the motor. He further said that he cautioned the boy about the dangers of the machine, and told him particularly to keep away from the belt. He denied positively that he had,told the boy to put on the belt, whether the machinery was in operation or not.
The testimony of defendant Werk is corroborated, particularly as to warning the boy to go away from the machine, and to do other work. This order of the employer was disobeyed by the plaintiff; and he was injured through his own fault; and not through the fault of the defendants. He cannot recover damages. He was old enough to hear and understand orders which were issued to him; and he should have obeyed them.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and it is now ordered, adjudged, and decreed that there be judgment in favor of defendants, and against plaintiff, dismissing this suit at his cost.